UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MID-CONTINENTAL AUTOS, LLC, f/k/a MID-CONTINENTAL QUALITY AUTOS, INC. *Plaintiff*, | ) ) ) ) | |
| *vs.* | ) ) ) | 2:11-cv-0096-JMS-WGH |
| MOTORCARS USA, INC. and ASTRIT GASHI, a/k/a TONY GASHI, *Defendants*. | ) ) ) | |

| | |
|---|---|
| MOTORCARS USA, INC., and ASTRIT GASHI, a/k/a TONY GASHI *Third-Party Plaintiffs*, | ) ) ) ) |
| *vs.* | ) ) |
| WORLDWIDE LUXURY MOTORS, INC., MOHAMMED BARAKAT, and OSAMA BARAKAT, *Third-Party Defendants*. | ) ) ) ) |

| | |
|---|---|
| WORLDWIDE LUXURY MOTORS, INC., MOHAMMED BARAKAT, and OSAMA BARAKAT, *Third-Party Plaintiffs*, | ) ) ) ) ) |
| *vs.* | ) ) ) |
| RASHID SALEM, *Third-Party Defendant*. | ) ) |

## **ORDER**

Mid-Continental Autos, LLC, f/k/a Mid-Continental Quality Autos, Inc. ("Mid-Continental") recently brought this action against Motorcars USA, Inc. and Astrit Gashi, a/k/a

Tony Gashi ("Motorcars" and "Mr. Gashi," respectively) for allegedly selling it a stolen car, which Mid-Continental then re-sold to a third-party under the misconception that the sale was legitimate. [Dkt. 1 at ¶¶ 7-13.] Since that time, Defendants, collectively, have filed a third-party complaint against Worldwide Luxury Motors, Inc., Mohammed Barakat, and Osama Barakat ("Worldwide," Mr. Mohammed Barakat," and "Mr. Osama Barakat," respectively) for allegedly selling them the stolen car. [Dkt. 18] Thereafter, the third-party Defendants filed another third-party complaint against Rashid Salem ("Mr. Salem") for allegedly starting the chain of illegitimate sales. [Dkt. 31.]

Plaintiff Mid-Continental filed the original claim in this Court alleging that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. [Dkt. 1 at ¶ 4.] The subsequently-filed third-party complaints allege that the Court supplemental jurisdiction over the entire case under 28 U.S.C. § 1367. [Dkt. 18 at ¶ 6; dkt. 31 at ¶ 7.]

Where jurisdiction is based on diversity of citizenship, the Court has an independent obligation to determine whether proper diversity among the parties in fact exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Having reviewed the record, the Court cannot assure itself that it does.

First, Mid-Continental alleges that it is a limited liability company founded under the laws of Florida with its principal place of business in Florida. [Dkt. 1 at ¶ 1.] Mid-Continental further states the names of its members, and notes that the trustees of the company are citizens of Florida. [*Id.*]

In its answer, Mr. Gashi does not admit that allegation. [Dkt. 14 at ¶ 1.] Neither does Motorcars. [Dkt. 15 at ¶ 1.] These Defendants make no further mention of Mid-Continental's citizenship in their third-party complaint.

In any event, because Mid-Continental is a limited liability company, it has "the citizenship of each of its members"—not just the trustees. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) (citation omitted). Its state of organization and principal place of business are irrelevant

With respect to Motorcars' citizenship, Mid-Continental alleges that Motorcars is a corporation organized under the laws of Indiana with its principal place of business in Illinois. [Dkt. 1 at ¶ 2.] Mr. Gashi agrees. [Dkt. 14 at ¶ 2.]

Motorcars, however, only "generally" admits that allegation, [dkt. 15 at ¶ 2]; indeed, Motorcars rephrases the allegation in Defendants' third-party complaint, alleging instead that Motorcars is "a corporation formed under the laws of [] Indiana [that] has business locations in [] Illinois and [] Indiana." [Dkt. 18 at ¶ 3.] The other third-party Defendants merely agree with Motorcars' latter assertion. [Dkt. 28 at ¶ 1; dkt. 29 at ¶ 3; dkt. 30 at ¶ 3.]

"A corporation has two places of citizenship: where it is incorporated, and where it has its principal place of business," not simply where it does business. *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). As currently pleaded, the Court is unclear whether Motorcars is a citizen of Illinois, in addition to Indiana.

In terms of Mr. Gashi's citizenship, Mid-Continental alleges that he is a citizen of Illinois. [Dkt. 1 at ¶ 3.] Mr. Gashi and Motorcars agree. [Dkt. 13 at ¶ 3; dkt. 15 at ¶ 3.] In its own third-party complaint, however, these Defendants only allege that "[Mr.] Gashi is a resident of [] Illinios." [Dkt. 18 at ¶ 2.] And the third-party Defendants only agree with this allegation. [Dkt. 28 at ¶ 2; dkt. 29 at ¶ 2; dkt. 30 at ¶ 2.]

The Court must remind the parties that residency and citizenship are not the same, and it is only the latter that matters for purposes of diversity jurisdiction. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

With respect to Worldwide's citizenship, Defendants allege that Worldwide is a corporation organized under the laws of Indiana, "having business locations [in] Indiana and in Illinois." [Dkt. 18 at ¶ 3.] Each of the individual third-party Defendants—including Worldwide—agrees. [Dkt. 28 at ¶ 3; 29 at ¶ 3; dkt. 30 at ¶ 3.]

Again, however, a corporation has dual citizenship—its place of incorporation and its principal place of business. *Smoot*, 469 F.3d at 676. As currently pleaded, it is unclear to the Court whether Worldwide is a citizen of Illinois in addition to Indiana.

Next, the Court turns to Mr. Mohammad Barakat's and Mr. Osama Barakat's citizenship. Defendants allege that Mr. Mohammed Barakat "resides" in Illinois and "maintains a residence or business" in Indiana. [Dkt. 18 at ¶ 4.] However, Mr. Mohammed denies this allegation, [dkt. 28 at ¶ 4], as do the other third-party Defendants, [dkt. 29 at ¶ 4; dkt. 30 at ¶ 4].

In a similar vein, Defendants allege that Mr. Osama "has a residence in Illinois and maintains a residence or business [in] Indiana." [Dkt. 18 at ¶ 5.] Mr. Osama Barakat denies this allegation, [dkt. 29 at ¶ 5], as do the other third-party Defendants, [dkt. 28 at ¶ 5; dkt. 30 at ¶ 5].

When determining whether the Court can exercise diversity jurisdiction, the Court looks to the parties' state of citizenship—or domicile—not where the parties maintain their respective residences. *Galva Foundry Co. v. Heiden,* 924 F.2d 729, 730 (7th Cir. 1991).

Finally, although third-party Defendant Mr. Salem has not yet answered the third-party complaint as against him, the Court notes that Defendants Mr. Mohammed Barakat, Mr. Osama Barakat, and Worldwide also improperly pleaded Mr. Salem's citizenship, alleging simply:

"Rashid Salem is believed to live [] in Maryland." [Dkt. 31 at ¶ 5.] It should go without saying at this point that this allegation gives the Court no indication of Salem's citizenship and certainly does not assure the Court that it may exercise supplemental jurisdiction under 28 U.S.C. § 1367.

Because the Court cannot ascertain the parties' citizenship from the morass of quasi-jurisdictional allegations pleaded thus far, the Court **ORDERS** all parties to this matter to meet and confer regarding their respective citizenship. The Court further **ORDERS** the parties to submit a joint-jurisdictional statement no later than **Friday, September 9**, setting forth the citizenship of each party to this action. To the extent that the parties disagree, they must independently file their own jurisdictional statements by the same date. If after further briefing the Court still cannot determine whether it may properly exercise § 1332 and § 1367 jurisdiction over this matter, it may either set the matter for a hearing or dismiss the case.

08/29/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribute via ECF only:**

Robert M. Baker III
rbaker@rbakerlaw.net

Joseph Neal Bowling
LEWIS WAGNER LLP
nbowling@lewiswagner.com

Scott Michael Kyrouac
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
smkyrouac@wilkinsonlaw.com

Richard K. Shoultz
LEWIS WAGNER LLP
rshoultz@lewiswagner.com