UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| M<small>ID</small>-C<small>ONTINENTAL</small> A<small>UTOS</small>, LLC, f/k/a M<small>ID</small>-C<small>ONTINENTAL</small> Q<small>UALITY</small> A<small>UTOS</small>, I<small>NC</small>.<br>*Plaintiff*,<br><br>*vs.*<br><br>M<small>OTORCARS</small> USA, I<small>NC</small>. and A<small>STRIT</small> G<small>ASHI</small>, a/k/a T<small>ONY</small> G<small>ASHI</small>,<br>*Defendants*. | ) ) ) ) ) ) ) ) ) ) ) | 2:11-cv-0096-JMS-WGH |
| M<small>OTORCARS</small> USA, I<small>NC</small>., and A<small>STRIT</small> G<small>ASHI</small>, a/k/a T<small>ONY</small> G<small>ASHI</small><br>*Third-Party Plaintiffs*,<br><br>*vs.*<br><br>W<small>ORLDWIDE</small> L<small>UXURY</small> M<small>OTORS</small>, I<small>NC</small>.,<br>M<small>OHAMMED</small> B<small>ARAKAT</small>, and<br>O<small>SAMA</small> B<small>ARAKAT</small>,<br>*Third-Party Defendants.* | ) ) ) ) ) ) ) ) ) ) ) | |
| W<small>ORLDWIDE</small> L<small>UXURY</small> M<small>OTORS</small>, I<small>NC</small>.,<br>M<small>OHAMMED</small> B<small>ARAKAT</small>, and<br>O<small>SAMA</small> B<small>ARAKAT</small>,<br>*Third-Party Plaintiffs*,<br><br>*vs.*<br><br>R<small>ASHID</small> S<small>ALEM</small>,<br>*Third-Party Defendant.* | ) ) ) ) ) ) ) ) ) ) | |

**SECOND SHOW CAUSE ORDER**

On August 29, 2011, this Court ordered the parties to file a joint jurisdictional statement, setting forth the citizenship of each party by September 9, 2011. [Dkt. 32.] To the extent the parties could not reach an agreement, they were ordered to file their own jurisdictional statements by that date. [*Id.*]

On September 2, 2011, Third-Party Defendants/Third-Party Plaintiffs Mohammed Barakat, Osama Barakat, and Worldwide Luxury Motors, Inc. ("Third-Party Defendants/Third-Party Plaintiffs") filed a jurisdictional statement in an attempt to respond to the Court's show cause order. [Dkt. 37.] The Third-Party Defendants/Third-Party Plaintiffs' jurisdictional statement fails to discharge the Court's show cause order for two reasons.

First, the Third-Party Defendants/Third-Party Plaintiffs' statement is not a joint jurisdictional statement, as ordered by the Court, and does not indicate whether the other parties agree or disagree with its contentions regarding the citizenship of the Third-Party Defendants/Third-Party Plaintiffs. Therefore, the Court is unable to determine whether the Third-Party Defendants/Third-Party Plaintiffs unsuccessfully attempted to confer with the other parties about their citizenship and those parties do not agree with the contentions in the statement or whether the Third-Party Defendants/Third-Party Plaintiffs ignored the Court's order and filed an independent jurisdictional statement without attempting to reach agreement with the other parties.

Second, the allegations in paragraphs two through four of the Third-Party Defendants/Third-Party Plaintiffs' jurisdictional statement ignore the Court's show cause order, which reminded the parties that residency and citizenship are **not** the same, and it is the latter that matters for purposes of diversity jurisdiction. [*See, e.g.*, dkt. 37 at 2 ¶2 (alleging that Mohammed Barakat "resides" in Illinois, which is does not establish the state of Mr. Barakat's citizenship)]; *see Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) (for purposes of diversity jurisdiction, citizenship "is the place one intends to remain"); *see also Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010) (listing evidence supporting

plaintiff's citizenship as amount of time spent in state each year, place of voter registration, place of driver's license, address for government benefits, and address for tax bills).

For these reasons, the Court concludes that the Third-Party Defendants/Third-Party Plaintiffs' jurisdictional statement, [dkt. 37], fails to discharge the Court's show cause order. The Third-Party Defendants/Third-Party Plaintiffs are again **ORDERED** to meet and confer with the other parties and conduct whatever investigation is necessary for the parties to file a joint jurisdictional statement by **September 9, 2011**. If the parties cannot agree, they must file independent jurisdictional statements, indicating that they have attempted to confer with the other parties but were unable to reach an agreement regarding the citizenship of the respective parties.

09/06/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribute via ECF only:**

Robert M. Baker III
rbaker@rbakerlaw.net

Joseph Neal Bowling
LEWIS WAGNER LLP
nbowling@lewiswagner.com

Scott Michael Kyrouac
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
smkyrouac@wilkinsonlaw.com

Richard K. Shoultz
LEWIS WAGNER LLP
rshoultz@lewiswagner.com